UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER BAPTISTE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-204-JD-JEM |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Christophe Baptiste, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Baptiste is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Baptiste is an inmate at Indiana State Prison. He claims that between October 2024 and December 2024, his cellhouse had multiple lockdowns lasting from a few days to a few weeks. During the lockdowns, his only drinking water was from a "toilet/sink

spigot" in his cell. He claims the water coming out of this spigot is "visually unsafe for human consumption," "contains visible debris," and "smells of sewage and feces." It can be discerned from his allegations that inmates typically get drinking water from a drinking fountain, but during the lockdowns they could not leave their cells and so could not access the drinking fountain. To compound matters, the prison does not serve liquids with meals during lockdowns. Thus, his only option was to drink the water in his cell during these periods.

He further claims it is widely known within the prison that the water in his cellhouse is unsafe. He claims it is so bad that Warden Ron Neal and Assistant Warden Dawn Buss instructed prison staff not to drink it. These officials supplied prison staff with water filtration systems at each officers' station, but have not done the same for inmates. He claims these officials knew that he and other inmates in his cellhouse had no access to clean drinking water during the lockdowns, but did nothing to remedy the situation. He further claims he asked Officer Naz (first name unknown) for clean drinking water multiple times during the lockdowns, but the officer allegedly brushed off his concerns. Based on these events, he sues Warden Neal, Deputy Warden Buss, and Officer Naz for money damages and other relief.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal

civilized measure of life's necessities." *Id.* at 834. On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Id.*

Giving Baptiste the inferences to which he is entitled at this stage, he has satisfied the objective prong with respect to his water, as the Eighth Amendment entitles inmates to adequate drinking water. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021); *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). Baptiste claims the only drinking water he had access to during the lockdowns was visibly dirty and smelled of sewage. On the subjective prong, he claims the defendants were all personally aware of the problem with the water but did nothing to remedy it. He has alleged enough to proceed on a claim for damages against all three defendants under the Eighth Amendment.

His complaint can also be read to allege that he has a need for permanent injunctive relief to remedy the lack of clean drinking water during lockdowns, which occur with some regularity in his unit. Warden Neal has both the authority and the responsibility to ensure that inmates at his facility are provided with adequate drinking water in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Baptiste will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for permanent injunctive relief to

ensure he is provided with adequate drinking water during lockdowns in the future as required by the Eighth Amendment.[1]

He also purports to assert a claim under the Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300f. This statute was enacted to "establish uniform standards for public water systems and to reduce contamination in drinking water." *Alatorre v. Holcomb*, No. 123-CV-00282-JPH-KMB, 2023 WL 3173899, at *3 (S.D. Ind. May 1, 2023). The SDWA authorizes the U.S. Environmental Protection Agency to compel compliance with clean water standards, 42 U.S.C. § 300g-3(b), and to impose civil penalties for non-compliance. *Id.* at § 300g-3(g). However, "[t]here is no private right of action for damages arising from a violation of the SDWA." *Alatorre*, 2023 WL 3173899, at *3. Therefore, he cannot pursue a claim for damages under the SWDA.

In certain circumstances, a private party may seek injunctive relief under the SDWA, but there are multiple notice requirements that must be complied with before the suit can be brought. 42 U.S.C. § 300j–8(a)-(e). There is no indication from the complaint that Baptiste followed the complex notice procedures contained in the Act to pursue a claim for injunctive relief. Furthermore, Baptiste is already being granted leave to proceed against the Warden for injunctive relief necessary to obtain clean drinking water during lockdowns; another claim for injunctive relief directed at the same relief would be duplicative. He will not be permitted to proceed on a claim under the SDWA.

---

[1] The court has considered whether this matter might present a basis for a preliminary injunction, but he does not state that he is currently on lockdown, nor does he assert a current need for adequate water. The most recent problem he describes occurred in December 2024, which was almost six months ago. It is apparent from his allegations that he can usually obtain clean water from a nearby drinking fountain.

4

As a final matter, it appears from the complaint that Baptiste may not have exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). He was not required to plead exhaustion, but he voluntarily included allegations regarding his use of the grievance process. Specifically, he claims that during one of the lockdowns, he prepared an emergency grievance related to the water and turned it into a counselor in his cellhouse. He never heard anything further and did not follow up with anyone about the grievance because, in his words, "[t]he emergency grievance policy does not describe what I was to do when there was no action or response to my respective emergency grievances." (ECF 2 at 5.)

Judges in this District and the Southern District have recently rejected this argument, concluding that inmates have an obligation under the Indiana Department of Correction grievance policy to follow up with the grievance specialist if they receive no response to an emergency grievance. *See Ridley v. Neal*, No. 3:24-CV-32-PPS-JEM, 2025 WL 1113401, at *3 (N.D. Ind. Apr. 14, 2025) (inmate failed to exhaust where he took no steps to alert the grievance specialist after his emergency grievance was allegedly lost); *Brock v. Centurion Health of Indiana, LLC*, No. 1:22-CV-1734-SEB-CSW, 2024 WL 247272, at *3 (S.D. Ind. Jan. 23, 2024) (inmate was required to notify the grievance specialist of the lack of response to his emergency grievance). Nevertheless, the court considers that those cases were decided at the summary judgment stage. Because exhaustion is an affirmative defense that the defendants have the burden of pleading and proving, *Jones v. Bock*, 549 U.S. 199, 216 (2007), the court concludes that this issue is more appropriately addressed at a later stage of the litigation.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) in their personal capacity for money damages for failing to provide him with adequate drinking water during lockdowns that occurred between October 2024 and December 2024 in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief related to his entitlement to adequate drinking water under the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) at Indiana State Prison and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Warden Ron Neal, Deputy Warden Dawn Buss, and Officer Naz (first name unknown) to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 29, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT